**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - -X
In re:  Lawrence S. Coven and                Chapter 7
      Janet B. Coven, Debtors             Case No: 04-24703 RTL
- - - - - - - - - - - - - - - - - - - - - - - - -X
Linda Frye, Plaintiff,

       v.                                  Adv. Proc. No: 04-2437

Lawrence S. Coven, Defendant.

      Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - -X

**OPINION**

**APPEARANCES:**

Linda Frye, Plaintiff Pro Se

Barry W. Frost, Esq.
Teich Groh
Attorneys for Defendant

**RAYMOND T. LYONS, U.S.B.J.**

      Plaintiff, Linda Frye, moved for summary judgment. Ms. Frye seeks a determination that money procured by Debtor/Defendant, Lawrence S. Coven, for supposed investment purposes is nondischargeable under 11 U.S.C. §523(a)(2)(A) as fraudulently obtained. Ms. Frye certifies that Mr. Coven offered her an investment opportunity while failing to disclose his position as sole shareholder of the company. Furthermore, she claims Mr. Coven promised her a first mortgage on the property while

concealing the existence of a prior mortgage. Ms. Frye moves for summary judgment based on admissions Mr. Coven is deemed to have made by failing to respond within 30 days to discovery requests. *See* Fed.R.Civ.P. 36(a). Because an opposition for a motion for summary judgment should be treated as a motion to withdraw or amend deemed admissions pursuant to Rule 36(b), Plaintiff's motion is denied.

## JURISDICTION

This court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a) and the Standing Order of Reference by the United States District Court for the District of New Jersey dated July 23, 1984, referring all proceedings arising under Title 11 of the United States Code to the bankruptcy court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(I) to determine the dischargeability of a particular debt.

## STATEMENT OF THE FACTS

Lawrence Coven ("Defendant"), now disbarred attorney, filed a joint bankruptcy petition with is wife, Janet Coven, in April 2004. Linda Frye ("Plaintiff") filed an adversary complaint against Defendant under 11 U.S.C. §523, to determine that Defendant's debt to Plaintiff in the underlying bankruptcy case is nondischargeable. The debt in issue arises from a series of transactions that occurred between Plaintiff and Defendant during the course of Mr. Coven's legal representation of Ms. Frye.

In 2001, Plaintiff was expecting proceeds from the sale of two parcels of real estate, intended to provide her with long-term retirement income. After being referred to Defendant as an attorney with special knowledge in the tax consequences of investments, Plaintiff consulted Defendant for legal advice on her long-term retirement income. In order to avoid certain tax consequences from the sales, Defendant

advised Plaintiff to reinvest the profits directly in another real estate venture. In connection with this advice, Defendant recommended to Plaintiff an investment opportunity: the construction of a medical plaza. The investment vehicle was a New Jersey Corporation called CSLTPC, Inc. Plaintiff contends that at the time of these dealings, Defendant did not disclose his position as sole shareholder and principle of CSLTPC, Inc.

Mr. Coven had the proceeds, funds totaling over $251,000.00, wired to his bank account. After some bills were paid on Ms. Frye's behalf, Mr. Coven invested the remaining $200,000.00 in the medical complex. Plaintiff claims Mr. Coven assured her a first mortgage to secure her interest, but at that time, a first mortgage already existed on the investment property.

In December 2003, Ms. Frye first learned of the junior status of her lien by way of a complaint from the senior lien holder, seeking to foreclose its first mortgage. The senior mortgagee was granted summary judgment, extinguishing all other mortgages and liens on the property. As a result, Plaintiff will receive nothing from her note and mortgage.

On December 16, 2004, Defendant was served with a set of discovery requests containing interrogatories, requests for admissions, and production of documents. The same requests were received by Defendant's counsel a day later. On January 20, 2005, after more than thirty days had passed with no response from Defendant, Plaintiff contacted counsel by way of fax and first class mail to inquire as to the status of the requests. Plaintiff received no response. Approximately one month later, on February 21, 2005, a response was received. However, said response was not submitted under oath, was not signed, and the objections were not stated with specificity.

Mr. Coven filed a certification in opposition to the motion for summary judgment. He denies

concealing that he was the sole principal of CSLTPC, Inc. He also states affirmatively that he disclosed to Ms. Frye the existence of a senior mortgage.

## DISCUSSION

Summary judgment is appropriate when there is no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The burden is on the moving party to show the non-existence of any genuine issues of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). A dispute of fact exists when a reasonable jury could find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Facts that could alter the outcome are material and disputes are genuine if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct. *Horowitz v. Federal Kemper Life Assurance Co.*, 57 F.3d 300, 302 n.1 (Fed. Cir. 1995).

Here, both parties have submitted conflicting sworn statements on the two critical facts: (1) whether Mr. Coven concealed his position in CSLTPC, Inc.; and (2) whether Mr. Coven misrepresented that Ms Frye would have a first mortgage. Despite this obvious dispute as to the material facts, Plaintiff asks for summary judgment because of Defendant's tardy discovery response. In her brief in support of summary judgment, Plaintiff contends there are no genuine issues of material fact because Defendant's failure to timely and appropriately respond to discovery requests results in such matters being deemed admitted pursuant to Rule 36(a).[1] Indeed, Rule 36 of the Federal Rules of Civil Procedure is a discovery device

---

[1]Fed.R.Civ.P. 36(a), in pertinent part, provides:

> Request for Admission. A party may serve upon any other party a written request for the admission...of the truth of any matters within the scope of Rule

4

governing requests for admissions and allowing parties to serve such requests to ascertain the truth of matters within the general scope of discovery. A party's failure to respond in thirty days results in the matter being deemed admitted. Fed.R.Civ.P. 36(a). Pursuant to Rule 36(b), once a matter is admitted, it is "conclusively established unless the court on motion permits withdrawal or amendment of the admissions."[2] Although Rule 36(b) requires withdrawal of admissions be "on motion," courts interpreting this rule have determined technical compliance is not necessary. *Farm Credit Bank of Omaha v. McLaughlin,* 474 N.W.2d 883, 886 (N.D.1991), citing *Bergemann v. United States*, 820 F.2d 1117, 1120-21 (10th Cir. 1987). Courts consistently hold that "Rule 36 does not require a motion for relief under it to be denominated in any particular manner." *Farm Credit*, 474 N.W.2d at 887 (treating brief

---

26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request...

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter...

[2]Fed.R.Civ.P. 36(b), in pertinent part, provides:

Effect of Admission. Any matter admitted under this rule is conclusively established unless the court, on motion permits withdrawal or amendment of the admission...[T]he court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits...

and affidavit in opposition to the motion for summary judgment as a motion to withdraw or amend deemed admissions). Strict compliance that a motion for withdrawal be made "is overly technical and does not recognize the reality of the situation." *Bergemann*, 820 F.2d at 1120 (holding response to motion for summary judgment is "in essence" a motion to withdraw the admission).

Here, Defendant did not respond to the discovery requests within the thirty days as required by Rule 36(a), thereby causing the matters to be deemed admitted. Approximately one month after the time for response had expired, Defendant submitted answers to the discovery requests, albeit not under oath. These responses were not submitted in the form of a motion to withdraw or amend previous admissions. However, the requirement that withdrawal be made "on motion" is not a formal one. Additionally, Defendant submitted a certification in opposition to Plaintiff's summary judgment motion. Therefore, Defendant satisfied the lenient requirement of Rule 36(b), that withdrawal be "on motion."

Once a motion for withdrawal, or similar response, is made, the determination of whether to permit such withdrawal or amendment is within the discretion of the trial court. *Perez v. Miami-Dade County*, 297 F.3d 1255, 1264 (11th Cir. 2002). But this discretion, "must be exercised within the parameters drawn by the two-part test of Rule 36(b)." *Farm Credit*, 474 N.W.2d at 887. The test first directs the court to consider "whether withdrawal will subserve the presentation on the merits." *Perez*, 297 F.3d at 1264. And secondly, the test requires the court to "determine whether the withdrawal will prejudice the party who obtained the admissions in its presentation of the case." *Id*. It is important to note "[t]he court's focus must be on the effect upon the litigation and the prejudice to the resisting party rather than...on the party's excuses for an erroneous admission." *In re Durability Inc.*, 212 F.3d 551, 556 (10th Cir. 2000); but see *Capital Car Care, Inc. v. United States*, 1994 WL 397288 (W.D.Okla.) (plaintiff's failure to

offer a "credible excuse" for not responding to discovery requests resulted in the court allowing the allegations in the discovery requests to be deemed admitted).

The first prong of Rule 36(b)'s two-part test "emphasizes the importance of having the action resolved on the merits...and is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Perez*, 297 F.3d at 1266 (citations omitted).  The requests for admission at issue attempt to establish that Defendant should not be allowed a discharge for his debt to Ms. Frye under 11 U.S.C. §523(a)(2)(A), as result of making false statements with the intent to deceive.[3] However, the deemed admissions Ms. Frye relies on fall short of establishing fraud under this section.[4] If the court was to allow the matters to be deemed admitted because of Mr. Coven's failure to timely

---

[3] In her brief, Ms. Frye raises claims under §523(a)(4) and securities law which are beyond the relief requested in her complaint.

[4] The discovery requests upon which Plaintiff relies in establishing her case for fraud are:

- 10. Request for admission.  Do you admit that you received funds pursuant to one or both of the requests you made in exhibits P-03 and 04?
- 17. Request for admission.  Do you admit that Sun National Bank had a mortgage lien on the premises described in the mortgage and note you drew for Linda Frye (exhibits P-01 and 02) that was perfected before you first met or heard from Linda Frye and before you received her money pursuant to exhibits P-01 and P-02?
- 18. Requests for admission.  Do you admit that the Sun National Bank lien would have been prior to and senior to any lien Linda Frye could have had on the premises pursuant to her dealings with you even if you had caused the note and mortgage to be recorded promptly after you received her funds?
- 20. Interrogatory.  Describe in detail your relationship, professional and/or financial with CSLTPC, Inc.  In answering, state whether you were an officer, director or shareholder, and describe your duties as such and percentage of ownership...

respond, the admissions would establish Mr. Coven was the principal of CSLTPC, Inc., and would further establish that there was already a first mortgage on the property at the time Ms. Frye was given the security agreement. Alone, these admissions do not establish the existence of fraud because they do not answer the question of whether Mr. Coven ever concealed his position in the investment company, nor whether he concealed the existence of a first mortgagee on the property. Finding the alleged facts are deemed admitted does not prove whether these facts were disclosed to Ms. Frye or were misrepresented to her by Mr. Coven.

Defendant's ability to successfully refute the allegations of fraud would allow him to pursue a discharge in the bankruptcy proceeding. Therefore, "granting a motion to withdraw the admission would aid in the ascertainment of the truth and the development of the merits of the case." *Essex Builders Group, Inc. v Amerisure Ins. Co.*, 2005 WL 2139817 (M.D.Fla). Defendant meets the first prong of the two-part test.

Rule 36(b)'s second prong "requires the court to ascertain whether the non-moving party would be prejudiced by a withdrawal or amendment of admissions." *Perez*, 297 F.3d at 1266. Courts continuously emphasize that "[t]he prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission now has to convince the [fact finder] of its truth." *Bergemann,* 820 F.2d at 1121. Instead, the prejudice contemplated by the rule "relates to the difficulty a party may face in proving its case, *e.g.*, caused by the unavailability of witnesses, because of the sudden need to obtain evidence with respect to the questions previously answered by the admissions." *Perez,* 297 F.3d at 1266, citing *Smith v. First Nat'l Bank*, 837 F.2d 1575, 1578 (11th Cir. 1988). With this in mind, a court "is more likely to find prejudice if the opposing party was somehow lulled into reliance upon the admissions due to the movant's

failure to act timely." *Essex Builders*, 2005 WL at 2139817. A finding of prejudice is also more likely "when a party seeks to withdraw its admissions once trial has already begun." *Perez*, 297 F.3d at 1267.

In this case, it does not appear that Plaintiff will be prejudiced in presenting the merits of her action upon withdrawal of the admissions. Although late, the one month delay is a relatively short period and Plaintiff did receive answers to the interrogatories before trial, in which Defendant denied the key facts. Additionally, Plaintiff's moving papers seem to also rely on relevant documentation to support her allegations and, therefore, should not have difficulty in obtaining evidence regarding the questions in the discovery requests. Therefore, the second prong of Rule 36(b)'s test is met.

Although Defendant submitted his discovery response beyond the thirty-day time-limit with no excuse or justification, this does not warrant allowing the facts to be deemed admitted. Rule 36 has been referred to as a "time-saver," the purpose of which is "to expedite the trial and to relieve the parties of the cost of *proving facts that will not be disputed at trial*." *Perez,* 297 F.3d at 1264, *quoting* 8A Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, *Federal Practice and Procedure* §2252 (2d ed. 1994). The rule should be used in establishing uncontested facts and narrowing the issues for trial. *Id.*, 297 F.3d at 1268. The time-saving function ceases when the rule is used "with the wild-eyed hope that the other side will fail to answer and therefore admit the essential elements...the rule instead becomes a weapon, dragging out the litigation and wasting valuable resources." *Id.*

## CONCLUSION

Because Defendant has met Rule 36(b)'s two-part test for allowing withdrawal or amendment of answers otherwise deemed admitted, withdrawal of the admissions is permitted. There are genuine issues of material fact in dispute; therefore, summary judgment is denied.

Dated: September 28, 2005                              \_\_\_\_\_/S/ **Raymond T. Lyons**\_\_\_\_
                                                                                Raymond T. Lyons
                                                                                United States Bankruptcy Judge